ROBERTS, Admr., Appellant,

v.

BANK OF AMERICA NT & SA, Appellee.

[Cite as *Roberts v. Bank of Am. NT & SA* (1995), 107 Ohio App.3d 301.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE02–147.

Decided Nov. 7, 1995.

*Vorys, Sater, Seymour & Pease, James E. Arnold, William D. Kloss, Jr.,* and *Michael Thomas,* for appellant.

*Zeiger, Dreher & Carpenter, John W. Zeiger* and *Marion H. Little, Jr.,* for appellee.

PETREE, Judge.

Plaintiff, Robert T. Roberts, Administrator of the Estate of Josephine Armbruster, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant, Bank of America NT & SA, Trustee of Harry E. and Edward B. Armbruster Trusts. Plaintiff sets forth the following assignment of error:

"The trial court erred in granting defendant-appellee Bank of America's motion to compel arbitration and to stay this case pending arbitration."

During her lifetime, Josephine Armbruster was the beneficiary of two trusts. Under the trust instruments, Mrs. Armbruster was entitled to receive net income earned on the trust principal plus supplemental payments from principal, at the discretion of the trustee, if Mrs. Armbruster's income became insufficient to provide adequate support and maintenance. Defendant is the trustee of both trusts.

In 1977, defendant made one discretionary distribution of principal in the sum of $10,000 for the purchase of Mrs. Armbruster's condominium. Beginning in 1991, defendant made other periodic distributions of principal to Mrs. Armbruster to cover the costs of her full-time nursing care. However, in 1992, defendant requested that Mrs. Armbruster repay sums of principal which had been previously distributed. In 1993, negotiations between defendant and Mrs. Armbruster's attorneys resulted in the execution of an "Acknowledgement of Indebtedness" whereby defendant agreed to continue to make discretionary distributions from principal during Mrs. Armbruster's lifetime in return for her promise to repay those sums, and a security agreement wherein Armbruster pledged the assets of her estate as security for the debt.

Mrs. Armbruster died on August 14, 1994, at the age of one hundred four. Thereafter, on December 8, 1994, the administrator of her estate, plaintiff herein, filed an action in the common pleas court seeking a declaration that the acknowledgement of indebtedness and security agreement were invalid and for return of the $40,000 decedent had paid to defendant from the trust principal during her lifetime. Defendant moved the court for an order staying the declaratory judgment action and compelling arbitration of the dispute pursuant to an arbitration clause contained in the security agreement. By judgment entry dated January 4, 1995, the trial court stayed the action and ordered the parties to proceed to arbitration. Plaintiff appeals to this court from the judgment of the trial court.

In plaintiff's sole assignment of error, plaintiff contends that the trial court erred when it ordered the parties to proceed to arbitration. We disagree.

 A state court, faced with a motion to compel arbitration, must first decide whether the parties agreed to arbitrate the dispute by applying the "federal substantive law of arbitrability." *Weiss v. Voice/Fax Corp.* (1994), 94 Ohio App.3d 309, 313, 640 N.E.2d 875, 877, citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.* (1985), 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444. The federal substantive law of arbitrability was pronounced by the United States Supreme Court in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967), 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270.

In *Prima Paint,* a party to a contract to furnish consulting services sought recision of the contract on the grounds of fraud in the inducement. The contract contained an arbitration clause providing that "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration * * *." The court held that the claim of fraud in the inducement was arbitrable and affirmed the judgment of the trial court dismissing an appeal from an order staying the action pending arbitration.

In so holding, the court stated:

" * * * Under § 4, with respect to a matter within the jurisdiction of the federal courts save for the existence of an arbitration clause, the federal court is instructed to order arbitration to proceed once it is satisfied that 'the making of the agreement for arbitration or the failure to comply [with the arbitration agreement] is not in issue.' Accordingly, if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally. * * * We hold, therefore, that in passing upon a § 3 application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate. * * * " *Id.* at 403–404, 87 S.Ct. at 1806.

Plaintiff herein alleges that the acknowledgement of indebtedness and security agreement are invalid due to the absence of consideration. More specifically, plaintiff contends that, since defendant was legally obligated to make disbursements from principal, defendant's promise to continue to make such disbursements provides no consideration for plaintiff's pledge of the assets in her estate. Clearly, plaintiff's "lack of consideration" defense attacks the main agreement between the parties and not the arbitration clause itself. Indeed, under *Prima Paint, supra,* whether the main agreement is supported by consideration is an issue which must be decided by the arbitrator. See *Jeske v. Brooks* (C.A.4, 1989), 875 F.2d 71, 75 (claim that an agreement containing an arbitration clause was void due to overreaching, unconscionability, fraud and lack of consideration must be submitted to arbitration under *Prima Paint,* since those defects relate to the entire agreement rather than the arbitration clause itself).

Nevertheless, plaintiff argues that since the absence of consideration is a defect which prevents formation of a legally binding agreement between the parties, the defense should be treated as an attack on the making of the agreement to arbitrate. In support of this argument plaintiff notes that the defense of fraud in the factum has been held to be nonarbitrable under *Prima Paint.*

Under *Prima Paint*, the existence of a contract containing a broad arbitration agreement, which was admittedly signed by the contractual parties, creates a presumption that the parties agreed to arbitrate all disputes, including those regarding the validity of the contract in general. See, *e.g., Chastain v. Robinson–Humphrey Co., Inc.* (C.A.11, 1992), 957 F.2d 851, 854; *Weiss, supra,* 94 Ohio App.3d at 313, 640 N.E.2d at 877–878; *Merrill Lynch, Pierce, Fenner etc. v. Haydu* (C.A.5, 1981), 637 F.2d 391, 398; *Cancanon v. Smith Barney, Harris, Upham & Co.* (C.A.11, 1986), 805 F.2d 998, 1000. However, it has been held that where the allegation is that of fraud in the factum, *i.e.,* ineffective assent to the contract, the intent to arbitrate will not be presumed. *Cancanon, supra,* at 1000; *T & R Enterprises, Inc. v. Continental Grain Co.* (C.A.5, 1980), 613 F.2d 1272, 1278.[1] Similarly, where the allegation is that the objecting party never actually signed the agreement which contains the arbitration provision, the issue is not subject to arbitration. See, *e.g., Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311, 317, 599 N.E.2d 388, 392–393; *T & R Enterprises, supra; Daisy Mfg. Co., Inc. v. NCR Corp.* (C.A.8, 1994), 29 F.3d 389, 393.

Our review of these cases reveals that it is only those contractual defenses directed at the effectiveness of assent to the entire contract that will also be construed as an attack upon the making of the arbitration agreement itself. Thus, the decisive factor is not whether the asserted contractual defense prevents formation of a legally binding agreement or renders the principal contract void *ab initio,* as plaintiff argues, but whether the defense attacks the effectiveness of the assent. There is no question in this case that Mrs. Armbruster voluntarily signed a contract containing an arbitration clause. Indeed, Mrs. Armbruster was represented by counsel during negotiations which led to the execution of the contractual documents at issue. Consequently, a presumption arises under *Prima Paint* that the parties intended to submit all disputes to arbitration, including those regarding the validity of the contract in general.

Plaintiff next contends that the narrow language of the arbitration clause evidences the parties' intentions to withhold from arbitration all issues of contractual formation. We disagree.

"It is well recognized that a clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *Neubrander v. Dean Witter*

---

1. Under Ohio law, fraud in the factum is defined as an "intentional act or misrepresentation of one party [which] precludes a meeting of the minds concerning the nature or character of the purported agreement." *Haller v. Borror Corp.* (1990), 50 Ohio St.3d 10, 13, 552 N.E.2d 207, 210.

*Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089, 1090. "In examining an arbitration clause, a court must bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability." *Id.* at 311, 610 N.E.2d at 1090–1091.

In *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 610 N.E.2d 1085, the court identified two types of arbitration clauses: (1) unlimited clauses providing for arbitration of all disputes arising out of a contract, and (2) limited clauses providing for arbitration of a specific type of dispute arising out of a contract. The operative language of the instant contract is as follows:

"SIXTH: The parties shall submit *any dispute hereunder* to binding and final arbitration in accordance with the Rules of the American Arbitration Association. Such arbitration shall take place in the State of California. The Arbitrator shall be selected from a list of seven proposed arbitrators provided by the American Arbitration Association, from which each party shall strike three names." (Emphasis added.)

Clearly, the instant arbitration clause is not limited to specific disputes, but is broadly defined. Thus, the arbitration clause is broad enough to require arbitration of plaintiff's claim of lack of consideration.

Nevertheless, plaintiff argues that since the principal contract is not supported by consideration and is not legally binding, the instant dispute could not possibly arise under the contract. This argument runs afoul of the reasoning of *Prima Paint,* wherein the court stated that an arbitration provision contained in the contract falling under the Federal Arbitration Act is severable from other provisions of a contract and will be enforced even though the contract itself may ultimately fail. *Prima Paint, supra,* at 401–403, 87 S.Ct. at 1805, 18 L.Ed.2d at 1276–1277. Given this analysis, it is clear that a provision which requires arbitration of "any disputes hereunder" was intended to encompass plaintiff's defense of lack of consideration. See *Aerojet–Gen. Corp. v. Non–Ferrous Metal Refin.* (1971), 37 A.D.2d 531, 322 N.Y.S.2d 33.

■ Plaintiff next contends that defendant is barred from seeking arbitration in this action because of its failure to seek arbitration in a related, subsequently filed probate proceeding. Plaintiff concedes that the record before this court contains no evidence of this probate filing, and that such filing, if any, occurred after the trial court issued the judgment under appeal.

■ It is a fundamental tenet of appellate procedure that a reviewing court may not add matter to the record on appeal and then decide the appeal on the basis of the new matter. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 406, 8 O.O.3d 405, 407–408, 377 N.E.2d 500, 502. Consequently, even if plaintiff had taken steps to make the alleged probate filing part of the appellate record, this court

would not be authorized to reverse the judgment of the trial court on the basis of this alleged filing.

In the final analysis, whether the instant security agreement and acknowledgement of indebtedness recite sufficient consideration to be enforceable is a question which must be decided by arbitration pursuant to the party's agreement. Plaintiff's sole assignment of error is overruled.

Having overruled plaintiff's assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LAZARUS and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.