OPINION
Appellant, State of Ohio, questions the jurisdiction of Judge Peggy Foley Jones to grant the motion for sealing the record of conviction (expungement) filed by appellee, Jennifer Edmister. The State claims that Edmister, was not eligible for such relief because she did not qualify as a "first offender". We agree and vacate the order.
Sometime prior to November 1989, the driving privileges of Edmister were suspended. The facts resulting in the loss of the operator's license are absent from the record. On November 28, 1989, while driving a 1977 Oldsmobile, she was involved in a car accident and received a citation for driving under a suspended license in violation of Lyndhurst Municipal Ordinance 335.07. She was found guilty, fined, received a three-day suspended jail sentence and had the license suspended an additional 30 days.
In May 1992, before Judge William E. Mahon, Edmister pleaded guilty to forgery, a felony of the fourth degree, was placed on probation for two years on the condition she perform community work service in lieu of a $750.00 fine, and required to pay court costs. On September 17, 1993, when Edmister had completed the mandates of her sentence, her probation was terminated.
On October 10, 1997, Edmister filed her application for the sealing of the record of that conviction. The State of Ohio opposed the application on the basis that the Lyndhurst conviction was a prior offense and Edmister was not eligible for an expungement pursuant to R.C. 2953.32. The State's exhibits included, among other things, a certified copy of the entry from the Lyndhurst Municipal Court showing Edmister's conviction, the ordinance she violated, and sections of the Ohio Revised Code on the subject of driving while intoxicated.
On November 6, 1998, Judge Foley Jones, who assumed the docket of Judge Mahon, granted Edmister's application and ordered the record sealed.
The State of Ohio assigns one error for our review:
 THE TRIAL COURT ERRED IN GRANTING THE SEALING OF DEFENDANT'S RECORD WHERE THE DEFENDANT WAS INELIGIBLE FOR EXPUNGEMENT AS A FIRST OFFENDER UNDER R.C. 2953.31 (A) DUE TO HER CONVICTION FOR DRIVING UNDER SUSPENSION.
R.C. 2953.32 provides in pertinent part:
 (A) (1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction, at the expiration of three years after his final discharge if convicted of a felony, or at the expiration of one year after his final discharge if convicted of a misdemeanor.
(C) (1) The court shall do each of the following:
 (a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case;
 (b) Determine whether criminal proceedings are pending against the applicant;
 (c) If the applicant is a first offender who applies pursuant to division (A) (1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 (e) Weigh the interests of the applicant in having the records pertaining to his conviction sealed against the legitimate needs, if any, of the government to maintain those records.
R.C. 2953.31 (A) defines "first offender" and provides:
 (A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.
 For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for a violation of any section in Chapter 4511., 4513., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section in those chapters, is not a previous or subsequent conviction. A conviction for a violation of section 4511.19, 4511.192
[4511.19.21, 4511.251 [4511.25.11, 4549.02, 4549.021
[4549.02.11, 4549.03, 4549.042 [4549.04.2], or 4549.07, or sections 4549.41 to 4549.46 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction.
The sealing or expungement of criminal records is a matter of privilege. Pursuant to R.C. 2953.32, this privilege is only available to a first offender as defined in R.C. 2953.31. InState v. Thomas (1979), 64 Ohio App.2d 141, 145, 411 N.E.2d 845, this court held that:
 If, at anytime subsequent to the granting of the expungement, there is brought to the court's attention evidence demonstrating that [appellee's] status was not that of a "first offender" at the time of application, then the expungement is void and must be vacated, the court having lacked jurisdiction to grant the expungement in the first place.
It is tantamount that an appellate file contain all relevant documents to insure that this court has a complete basis on which to make a rational decision. Cleveland Police Patrolmen'sAssociation v. Cleveland (1994), 99 Ohio App.3d 63,649 N.E.2d 1291. If the record is found to be incomplete, "Lilt is a fundamental tenet of appellate procedure that a reviewing court may not add matter to the record on appeal and then decide the appeal on the basis of the new matter." Roberts v. Bank ofAmerica NT SA (1995), 107 Ohio App.3d 301, 668 N.E.2d 942. See, also, State v. Ishmail (1978, 54 Ohio St.2d 402, 406,377 N.E.2d 500, 502.
The state contends that Edmister's suspension under L.M.O.335.07 is substantially similar to a suspension under R.C.4511.192, implying that Edmisters's suspension was the result of driving under the influence. Unfortunately, although they may be correct in this assertion, an incomplete record before us prevents our agreement.
More pertinent to the issue however, pursuant to L.M.O. 335.99, violations of L.M.O. 335.07 (a) (1) and (a) (2), the only sections relevant to our discussion, are misdemeanors of the first degree. Because Edmister was convicted of a first degree misdemeanor, she does not qualify as a first offender, and the trial court entered the judgment of expungement in error. Daytonv. Sheibenberger (1996), 115 Ohio App.3d 529, 685 N.E.2d 841.
Accordingly, the order of expungement and sealing of the record is vacated, and the matter is remanded to the trial court to correct its journal.
Judgment vacated and remanded.
It is ordered that appellant and appellee shall share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE, CONCURS WITH SEPARATE CONCURRING OPINION
 ____________________________________ PATRICIA ANN BLACKMON, JUDGE, CONCURS IN JUDGMENT ONLY, AND CONCURS WITH CONCURRING OPINION.
 ___________________________________ ANNE L. KILBANE, JUDGE