JOURNAL ENTRY AND OPINION
Defendants Richard W. Curtis, Randy Curtis and Intercon Financial Corp. appeal from the order of the trial court which denied their motion to stay litigation of an action filed by plaintiff Martin G. Krist in order to arbitrate the matter. For the reasons set forth below, we affirm.
On September 18, 1998, Krist filed a three claim complaint against Richard Curtis, Intercon Financial Corp. and Randy Curtis. In his first claim for relief, Krist asserted that he entered into a series of agreements with defendants, that he performed all obligations required of him pursuant to the terms of the agreements, and that he is now entitled to over $10,000,000 in compensation. In his second claim for relief, Krist alleged that defendants owed him $241,900 on an account stated. In his third claim for relief, Krist asserted that defendants Richard Curtis and Randy Curtis falsely and fraudulently induced plaintiff to invest $100,000 with defendants by, inter alia, falsely claiming that Randy Curtis was a vice president of the Federal Reserve of Chicago, and that they successfully ran investment programs which yield returns of 40% per week.
Defendants submitted an answer in which they denied liability and denied plaintiff's claims regarding the existence of the agreements. Defendants asserted, however, that they were entitled to arbitrate this dispute pursuant to the terms of a contract which plaintiff signed on March 25, 1994. Defendants moved to stay the proceedings pending such arbitration.
On February 17, 1999, the trial court denied defendants' motion to stay the proceedings, citing plaintiff's allegations of fraud and the joinder of parties who were not parties to the contract. Defendants now appeal pursuant to R.C. 2711.02, and assign four errors for our review.
Defendants' first, second and third assignments of error assignments are interrelated and state:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS, INTERCON FINANCIAL CORP., RICHARD W. CURTIS, AND RANDY P. CURTIS BY (1) REFUSING TO ENFORCE THE WRITTEN CLAUSE IN THE CONTRACT BETWEEN THE PARTIES MANDATING ARBITRATION OF ALL DISPUTES BEFORE THE AMERICAN ARBITRATION ASSOCIATION, AND (2) REFUSING TO STAY THE COMMON PLEAS COURT CASE PENDING ARBITRATION.
 BECAUSE THE COMPLAINT CONTAINS NO ALLEGATION OF FRAUD WITH RESPECT TO THE MAKING OF THE ARBITRATION PROVISION FOUND AT PARAGRAPH 3 OF THE SUBJECT AGREEMENT, APPELLEE'S CLAIM FOR FRAUD ARISING FROM THE INDUCEMENT OR PERFORMANCE OF THE AGREEMENT MUST BE ARBITRATED.
 ALL OF APPELLEE'S CLAIMS AGAINST ALL DEFENDANTS MUST BE RESOLVED THROUGH ARBITRATION.
Within these assignments of error, defendants maintain that the trial court erred in refusing to stay this matter because the parties' contract requires the arbitration of all disputes, and because plaintiff's fraud claim does not contain allegations that the arbitration provision was fraudulently induced.
In Prima Paint Corp. v. Flood Conklin Mfg. Co. (1967),388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270, the Supreme Court held that a charge of fraud in the inducement of a contract containing an arbitration clause was a question for arbitrators and not for the court, unless the claimant can demonstrate specifically that the arbitration clause itself was fraudulently induced.
However, it has been held that where the allegation is that of fraud in the factum, i.e., ineffective assent to the contract, the intent to arbitrate will not be presumed. See Roberts v. Bank ofAm. NT SA (1995), 107 Ohio App.3d 301, 305; Cancanon v. SmithBarney, Harris, Upham Co. (C.A.11, 1986), 805 F.2d 998, 1000; T R Enterprises, Inc. v. Continental Grain Co. (C.A.5, 1980),613 F.2d 1272, 1278. The Roberts Court noted that under Ohio law, fraud in the factum is defined as an "intentional act or misrepresentation of one party [which] precludes a meeting of the minds concerning the nature or character of the purported agreement." (Citing Haller v. Borror Corp. (1990), 50 Ohio St.3d 10,13). Thus, the decisive factor is whether the allegation is that of fraud in the factum which attacks the effectiveness of the assent.
Moreover, this matter involves a series of agreements, not all of which include arbitration clauses. In ACRS, Inc. v. Blue Cross Blue Shield of Minnesota (1998), 131 Ohio App.3d 450, 457, this court stated:
 [T]he fact that ACRS and NPMC possibly entered into a written contract for marketing a different pharmaceutical rebate program than the one designated in the complaint does not lead one to conclude, as defendants-appellants maintain, that the agreement applies to the underlying disputes in the subject matter. The fact remains that defendants-appellants failed to produce an authenticated copy of a written arbitration clause that was applicable to the R.Ph.'s Choice program which is the subject of the plaintiffs-appellees' complaint. The possible existence of other contracts has no bearing on the arbitration of this dispute. A party cannot be forced to submit to arbitration a dispute which it has not agreed to submit.
In this instance, plaintiff's complaint asserts various claims which are derived from a series or agreements and the facts surrounding the making of those agreements. Not all of the agreements require arbitration. Defendants have therefore failed to demonstrate that they are entitled to arbitration of the matter and the trial court properly denied defendants' motion to stay the proceedings.
In accordance with the foregoing, the first, second and third assignments of error are overruled.
Defendants' fourth assignment of error states:
 AS APPELLANTS IMMEDIATELY RAISED ARBITRATION AS AN AFFIRMATIVE DEFENSE IN THEIR ANSWER, AND PROMPTLY MOVED FOR A STAY PENDING ARBITRATION SOON THEREAFTER, THERE HAS BEEN NO WAIVER OF THE RIGHT TO COMPEL ARBITRATION.
Herein, defendants insist that they have not waived the arbitration provision herein.
In light of our disposition of the previous assignments of error, this claim is obviously rendered moot and we will not address it herein. App.R. 12(A)(1)(c).
In accordance with the foregoing, the judgment of the trial court which denied defendants' motion to stay this matter and to compel arbitration is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J., CONCURS. (SEE ATTACHED CONCURRING OPINION)
 KILBANE, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE