This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendants-Appellants Bishop Homes of Copley, Inc. and certain of its alleged officers, agents, and employees have appealed from a decision of the Summit County Court of Common Pleas that denied their motion to dismiss or stay pending arbitration. We reverse and remand.
 I
{¶ 2} On August 3, 2001, Plaintiffs-Appellees Jason Terry and Jodi M. Brooks Terry entered into a purchase agreement with Defendant-Appellant Bishop Homes of Copley, Inc. ("Bishop Homes"), whereby Bishop Homes agreed to build, and Appellees agreed to buy, a new home for the purchase price of $312,000. Pursuant to the terms of the contract, the construction of the new home was to be completed by August 25, 2001. Appellees, after a walk-through inspection of the home on August 24, 2001, provided Bishop Homes with a detailed list of items that needed to be corrected or completed prior to the completion date. According to Appellees, Bishop Homes did not address the items that needed to be corrected or completed, and failed to complete construction of the new home by the August 25, 2001 completion date.
{¶ 3} On December 13, 2001, Appellees filed suit against Bishop Homes, William D. Bishop, Caye Stephen, Emily Solowiow, and John Scott (collectively, "Appellants"). In the suit, Appellees alleged that Bishop Homes breached the contract by failing to complete the home on time. Appellees argued that the breach caused them to suffer monetary damages. Appellees further alleged that Caye Stephen (a realtor and sales agent of Bishop Homes), Emily Solowiow (employed with Bishop Homes as the Home Warranty Director), John Scott (employed with Bishop Homes as its foreman or project manager), and William D. Bishop (president of Bishop Homes) made false statements regarding the quality of workmanship of Bishop Homes and the completion of unfinished work; such false statements, Appellees alleged, were part of a scheme to defraud Appellees. Appellants filed an answer on February 4, 2002.
{¶ 4} On February 4, 2002, Appellants also filed a motion to dismiss or stay pending arbitration, wherein they moved the trial court to issue an order staying the action pending arbitration pursuant to R.C. 2711.01. Appellees filed a response on February 22, 2002. The trial court denied Appellants' motion on the ground that Appellees' complaint anticipated an exception to R.C. 2711.01. That is, where "grounds *** exist at law or in equity for the revocation of [a] contract," an arbitration provision in the contract is not valid, irrevocable, and enforceable. R.C. 2711.01(A). Because Appellees raised a cause of action for fraud, and questioned the enforceability of the contract, the trial court held that the exception contained in R.C. 2711.01(A) applied to Appellees' claims, and thus the matter could not be submitted to arbitration. Appellants have timely appealed, asserting one assignment of error.
 II Assignment of Error
{¶ 5} "THE TRIAL COURT ERRED WHEN IT DENIED [APPELLANTS'] MOTION TO DISMISS OR STAY PENDING ARBITRATION."
{¶ 6} In Appellants' sole assignment of error, they have argued that the trial court erred when it denied their motion to stay the matter pending arbitration. Specifically, Appellants have argued that the trial court applied the wrong standard of review when determining whether to grant or deny their motion. Appellants have further argued that a broad claim of fraud, and the presence of parties that are nonparties to the arbitration agreement, is insufficient to preclude the application of R.C. 2711.01 to Appellees' claims.
{¶ 7} As an initial matter, we note that Ohio public policy favors arbitration. Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,711; see, also, Pfohl v. Steve Martin Custom Homes (Sept. 9, 1998), 9th Dist. No. 18962, at 4. The Ohio Arbitration Act governs written arbitration agreements and is codified in R.C. Chapter 2711. Under the Act, specifically at R.C. 2711.02, a trial court may stay a trial pending arbitration. R.C. 2711.02(B) provides:
{¶ 8} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
{¶ 9} In sum, R.C. 2711.02 provides that a court may stay trial of an action "on application of one of the parties" if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement. MGM Landscaping Contrs., Inc.v. Berry (Mar. 22, 2000), 9th Dist. No. 19426, at 4-5, appeal not allowed (2000), 89 Ohio St.3d 1470; Klatka v. Seabeck (Aug. 9, 2000), 9th Dist. No. 19787, at 5; see, also, McGuffey v. LensCrafters, Inc. (2001),141 Ohio App.3d 44, 51.
{¶ 10} Generally, in determining whether the trial court properly denied or granted a motion to stay proceedings pending arbitration, the standard of review is whether the order constituted an abuse of discretion. Reynolds v. Lapos Constr., Inc. (May 30, 2001), 9th Dist. No. 01CA007780, at 3; see, also, Harsco Corp. v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 410, appeal not allowed (1997),80 Ohio St.3d 1477. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
{¶ 11} When an appellate court is presented with purely legal questions, however, the standard of review to be applied is de novo.Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc. (1992),81 Ohio App.3d 591, 602. Under the de novo standard of review, an appellate court does not give deference to a trial court's decision. Akronv. Frazier (2001), 142 Ohio App.3d 718, 721. As this case involves only legal questions, we apply the de novo standard of review.
{¶ 12} The arbitration clause at issue in the instant matter provides:
{¶ 13} "To the extent permitted by applicable law, any controversy or dispute arising in connection with this Agreement and/or the transactions contemplated herein, shall, at the instance of either party, be referred to arbitration in accordance with the construction rules of the ___ and shall be administered by the ___ Office of that Association."
{¶ 14} Based upon the arbitration clause contained in the purchase agreement, the trial court determined that any dispute or controversy arising from the purchase agreement should be resolved by arbitration. However, the trial court further concluded that, pursuant to R.C.2711.01(A), Appellees' claims were exempt from the arbitration clause. R.C. 2711.01(A) states, in pertinent part:
{¶ 15} "A provision in any written contract, except as provided in [R.C. 2711.01(B)], to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract *** shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity forthe revocation of any contract." (Emphasis added.)
{¶ 16} Examples of "grounds that exist at law or in equity for the revocation of any contract" are fraud, duress, illegality, or lack of capacity. See Forest City Ent., Inc. v. Dougan (Dec. 11, 1980), 8th Dist. No. 42209, 1980 Ohio App. LEXIS 13080, at *6. Because Appellees raised causes of action for fraud, and questioned the enforceability of the contract, the trial court concluded that the exception contained in R.C. 2711.01(A) applied to Appellees' claims, and thereby denied Appellants' motion to dismiss or stay the case pending arbitration.
{¶ 17} Appellants, quoting Ohio Patrolman's Benevolent Assn. v.Copley Township (May 15, 1996), 9th Dist. No. 17513, at 3, have argued that the trial court erred by denying the motion because "[a]rbitrability should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id., quoting Gibbons-Grabble v. GilbaneBuilding Co. (1986), 34 Ohio App.3d 170, 173. In other words, Appellants have contended, the trial court should not have denied Appellants' motion based on 1) Appellees' claim that they were fraudulently induced to enter into the purchase agreement, and 2) the inclusion of several defendants that were nonparties to the arbitration agreement. We will separately address each argument presented by Appellants.
{¶ 18} Fraud
{¶ 19} The defense of fraud in the factum has been held to be non-arbitrable. Roberts v. Bank of Am. NT SA (1995),107 Ohio App.3d 301, 305 ("[I]t has been held that where the allegation is that of fraud in the factum, i.e., ineffective assent to the contract, the intent to arbitrate will not be presumed."). The defense of fraud in the inducement, on the other hand, may be arbitrable. ABMFarms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 501; Krist v. Curtis (May 18, 2000), 8th Dist. No. 76074, 2000 Ohio App. LEXIS 2093, at *4, appeal not allowed (2000), 90 Ohio St.3d 1452.
{¶ 20} It is sometimes difficult to distinguish between the two types of fraud. Fraud in the factum arises when "a legal instrument as actually executed differs from the one intended for execution by the person who executes it, or when the instrument may have had no legal existence." Lou Carbone Plumbing, Inc. v. Domestic Linen Supply Laundry Co., 11th Dist. No. 2002-T-0026, 2002-Ohio-7169, at ¶ 11, quoting Black's Law Dictionary (7 Ed. Abridged 2000) 530. Fraud in the factum is further described as "an `intentional act or misrepresentation of one party [which] precludes a meeting of the minds concerning the nature or character of the purported agreement.'" (Quotations omitted; emphasis sic.), Krist, supra at *4, quoting Roberts,107 Ohio App.3d at 305. An agreement that is obtained through fraud in the factum would void an arbitration clause because such an agreement is considered void abinitio and does not constitute any agreement whatsoever. Krist, supra at *4.
{¶ 21} In contrast, fraud in the inducement is fraud that "relates not to the nature or purport of the contract, but to the facts inducing its execution." Harper v. J.D. Byrider, 148 Ohio App.3d 122, 123,2002-Ohio-2657, at ¶ 11. It arises when a party is induced to enter into an agreement through fraud or misrepresentation. ABM Farms,81 Ohio St.3d at 502. To establish fraud in the inducement, "a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." ABM Farms,81 Ohio St.3d at 502.
{¶ 22} A claim of fraud in the inducement may be arbitrable depending upon whether the party is claiming that it was fraudulently induced into accepting the arbitration clause contained in a contract, or whether the fraud is generally directed at the contract containing the arbitration clause. Relying on R.C. 2711.03, the Ohio Supreme Court has held that "to defeat a motion for stay brought pursuant to R.C. 2711.02,a party must demonstrate that the arbitration provision itself in thecontract at issue, and not merely the contract in general, wasfraudulently induced." (Emphasis added.) ABM Farms,81 Ohio St.3d at 502; see, also, Reynolds v. Lapos Constr., Inc. (May 30, 2001), 9th Dist. No. 01CA007780, at 4. "Thus, in instances where a party concedes that it willingly manifested assent to a contract that includes an arbitration clause, but claims that it was induced to do so by fraud, mistake, or duress, *** or that some other circumstance justifies that party in seeking to avoid the contract, *** that party's claim is simply a defense to arbitrability that is itself arbitrable." (Quotations omitted; alterations sic.) Duryee v. Rogers (Sept. 23, 1999), 10th Dist. Nos. 98AP-1255, 98AP-1256, 1999 Ohio App. LEXIS 4406, at *19, appeal not allowed (2000), 87 Ohio St.3d 1494. Furthermore, it has been held that "`in the face of a valid arbitration clause, questions regarding the validity of the entire contract must be decided in arbitration.'" (Emphasis added.) Krafcik v. USA Energy Consultants, Inc. (1995),107 Ohio App.3d 59, 63, quoting Weiss v. Fax Corp. (1994),94 Ohio App.3d 309, 313.
{¶ 23} In the case sub judice, it appears that Appellees have presented the defense of fraud in the inducement because they have claimed that they were fraudulently induced to enter into the contract. However, Appellees have only alleged that the purchase agreement was induced by fraud, rather than the arbitration clause itself. In their response to Appellants' motion to dismiss or stay pending arbitration, Appellees did not argue that they were fraudulently induced into signing the arbitration agreement. In fact, Appellees did not even argue that Appellants made any misrepresentations or false promises regarding arbitration. They simply alleged that Appellants "committed both fraud in inducing [Appellees] to sign the contract at issue, and continued that fraud throughout the course of the parties' relationship. *** [Appellees] were defrauded by [Appellants], individually and in concert; and the purported `agreement' reached as a result thereof is void and unenforceable."
{¶ 24} Nowhere in Appellees' response to Appellants' motion to dismiss or stay pending arbitration, or in their complaint, do they argue that they were fraudulently induced into accepting the arbitration clause contained in the purchase agreement. As the record is devoid of any evidence that Appellants made any misrepresentations about the arbitration agreement itself, we cannot conclude that Appellant's claims are exempt from Chapter 2711 on the ground that their cause of action is based on fraud.
{¶ 25} Additional nonparties to the arbitration clause
{¶ 26} The trial court did not deny Appellants' motion to dismiss or stay pending arbitration based on the presence of defendants who were nonparties to the arbitration agreement. Nevertheless, Appellants have argued that the presence of such defendants provides an insufficient basis for denying their motion to dismiss or stay pending arbitration.
{¶ 27} "As a general proposition, a party to an action cannot be required to arbitrate a dispute between itself and a second party unless those parties have previously agreed in writing to arbitration. *** [W]hen a complaint has been brought against both parties and nonparties
to an arbitration agreement, arbitration can only be ordered as to the parties who agreed to the arbitration provision." (Citation omitted; emphasis added.) Panzica Constr. Co. v. GRE Ins. Group, 8th Dist. No. 79931, 2002-Ohio-2023, ¶ 16. However, when nonparties to an arbitration agreement are employees of a party who is a signatory to the arbitration agreement, the terms of the arbitration agreement can legitimately be applied to the nonparty employees. See Manos v. Vizar
(July 9, 1997), 9th Dist. No. 96 CA 2581-M, at 3-4.
{¶ 28} In Manos, new home buyers Emanuel and Sheri Manos sued Castle Inspections, Inc., and its employee Mark Vizar, for negligence arising from a contract for the inspection of their new home. Castle Inspections failed to respond, and default judgment was entered against it. Vizar, however, answered and moved for dismissal or to stay the matter and compel arbitration based upon the arbitration clause contained in the contract between the Manoses and Castle Inspections. The arbitration clause contained in the contract provided: "Any dispute between the parties shall be settled by arbitration before the American Arbitration Association. The standards of practice of the American Society of Home Inspectors shall be the standards used to arbitrate any dispute." Id. at 3. The trial court denied the motion because, among other things, as a nonparty to the contract between the Manoses and Castle Inspections, Vizar could not enforce the arbitration clause. Vizar filed an appeal with this Court.
{¶ 29} On appeal, we concluded that "[an employee], whose actions as an agent and employee of [the employer] served as a basis for his potential liability, is entitled to enforce the arbitration agreement despite the absence of privity." Id. at 3. Based upon the language contained in the arbitration agreement, we found that "the broadly worded contractual language indicates that the parties' basic intent was to provide a single arbitral forum to resolve all disputes arising as a result of the home inspection. In order to settle all such controversies in the same place, claims against non-parties like [Vizar], whose interests are directly related to those in privity of contract, must be read to fall within the scope of the clause." Id. at 3-4. We further concluded that the Manoses could not circumvent the parties' promise to arbitrate by suing an employee separately from the employer. Id. at 4.
{¶ 30} We see no reason why the same logic that we applied inManos cannot be applied in the instant matter. If a nonparty employee can enforce an arbitration clause against a party to the contract in the absence of privity, then the reverse could also be true. In other words, an arbitration clause can be enforced against a nonparty employee if the employee's actions, as agent for the employer, serves as the basis for the employee's potential liability. See Manos, at 4 ("Traditional agency theory also binds a non-party agent to the terms of an arbitration agreement made by his principal if the agent's actions served as the basis for his potential liability."). Therefore, if the individually named defendants, i.e., Emily Solowiow, John Scott, William D. Bishop, and Caye Stephen, are employees of Bishop Homes, then any claims pending against them are also within the scope of the arbitration clause, and should be submitted to arbitration. Conversely, if the named individuals are not employees of Bishop Homes, then the claims pending against them are not arbitrable. It is not clear, however, whether the individually named defendants are employees of Bishop Homes. In their complaint, Appellees claim that the four individually named defendants are employees and/or agents of Bishop Homes. But Appellants, in their answer, denied that Emily Solowiow and John Scott are employees or agents of Bishop Homes.
{¶ 31} The arbitrability of the claims pending against Emily Solowiow, John Scott, William D. Bishop, and Caye Stephen is dependent upon their relationship with Bishop Homes. Because this Court does not know the exact nature of the relationship between Bishop Homes and Emily Solowiow, John Scott, William D. Bishop, and Caye Stephen, we cannot determine whether or not the claims pending against Emily Solowiow, John Scott, William D. Bishop, and Caye Stephen should be submitted to arbitration; this is an issue that must be determined by the trial court on remand.
{¶ 32} On another matter, we wholly reject the arguments contained in Appellees brief pertaining to the validity of the arbitration agreement. For the first time on appeal, Appellees argue that the matter should not be submitted to arbitration on the ground that the arbitration clause contained in the purchase agreement was "never an agreed-upon contract term." Appellees have further argued that even assuming the arbitration clause was an agreed-upon term, the dispute resolution contemplated by the clause does not require arbitration because it did not contain the words "binding" or "final." Appellees did not present these arguments in their response to Appellants' motion to dismiss or stay pending arbitration. In Appellees' response, they simply argued that R.C. 2711.01 did not apply to their claims because 1) they were fraudulently induced to enter into the purchase agreement, and 2) several of the named defendants were nonparties to the arbitration agreement. Because Appellees failed to argue that the arbitration agreement did not require binding arbitration or that the agreement was never an "agreed-upon contract term," this Court declines to address these arguments on appeal.
 III
{¶ 33} Appellants' sole assignment of error is sustained. The trial court's decision denying Appellants' motion to stay the trial proceedings pending arbitration is reversed, and the cause remanded for proceedings consistent with this decision.
SLABY, P.J. and CARR, J. CONCUR.