DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the January 26, 2007 judgment of the Wood County Court of Common Pleas which granted, in part, appellants/cross-appellees' motion to dismiss appellees' complaint and to compel arbitration and stay the proceedings pending arbitration. For the reasons that follow we reverse, in part. *Page 2 
 {¶ 2} A recitation of the relevant facts is as follows. In October 2002, appellees, Fadhil Hussein and Raya Ahmed, purchased two parcels of real estate on West River Road, in Perrysburg, Wood County, Ohio, from appellant, Hafner Shugarman Enterprises, Inc. ("H S"). In consideration for a significant reduction in the purchase price appellees agreed to use appellants (d/b/a Hafner Crafted Homes) for any future construction of a single family residence.
 {¶ 3} Thereafter, on July 14, 2004, the parties contracted for the construction of an approximately 9,000 square foot home, for an estimated contract price of $1,353,439. The construction contract contained the following arbitration clause: "In case any dispute or claim arises between the parties hereto under or growing out of this contract or the performance thereof, such dispute shall be resolved by arbitration by an arbitrator jointly selected by the parties from the Toledo Bar Association."
 {¶ 4} At some point during the construction of the home, disputes arose regarding construction delays and defects, Perrysburg's refusal to issue an occupancy permit for the home due to these defects, and increased costs. The parties orally agreed to an additional penalty clause which provided that if the home was not completed by May 31, 2006, H S would pay appellees $5,000 per additional week.
 {¶ 5} Appellees moved into the home in July 2006; however, disputes remained regarding the condition of the home and the outstanding balance on the contract price. In a letter dated August 14, 2006, H S requested that the parties submit to arbitration. On *Page 3 
August 21, 2006, appellees commenced the instant action against H S, and David Hafner and Jeffrey Shugarman, individually.
 {¶ 6} Appellees alleged the following causes of action: (1) fraud in the factum; (2) fraud; (3) breach of contract; (4) breach of express warranty; (5) breach of a novation; (6) unjust enrichment; (7) negligence; (8) violation of Ohio Consumer Sales Practices Act ("CSPA"); and (9) piercing the corporate veil. Appellees also sought a declaratory judgment with regard to certain outside work including sidewalks, the driveway, and the flood plain.
 {¶ 7} On September 12, 2006, appellants filed a motion to dismiss, or alternatively, a motion to stay the proceedings and order arbitration. In their motion, appellants argued that the arbitration clause in the construction contract was broadly worded and that appellees' claims fall within the scope of the clause. Appellees opposed the motion making specific arguments as to why the various claims were not subject to arbitration. First, appellees argued that the fraud in the factum claim asserts that the entire contract is void ab initio. Next, appellees argued that because the CSPA claim seeks rescission and argues fraud in the inducement, it is not subject to arbitration. Appellees further argued that they alleged a novation, a later agreement that replaced the construction contract and it did not contain an arbitration clause. Finally, appellees argued that if the court did order arbitration it should stay, rather than dismiss, appellees' complaint. *Page 4 
 {¶ 8} A hearing on the motion was held on January 22, 2007, and the following relevant evidence was presented. Appellee, Fadhil Hussein, testified on cross-examination that he had been looking at purchasing the subject property, two four-acre parcels, for quite a long time. The original asking price was $320,000 for each parcel, or $640,000. After lengthy negotiations, the price was reduced to $350,000. Hussein testified that the sale price was conditioned on giving Hafner Crafted Homes the opportunity to construct a residence on the land or recover half of the profit if the land was resold within three years.
 {¶ 9} Hussein testified that he was represented by counsel when he signed the construction contract and that his attorney approved the contract. Specifically, Hussein stated that he freely agreed to the arbitration clause in the contract. Hussein stated that he presented Hafner with an additional agreement, prepared by his attorney, to motivate then to finish the job. Hussein agreed that the purpose of the agreement was not to change the terms of the original agreement. Hussein testified that he "felt like [he] was swindled long before [he] entered into th[e construction] contract" and that is why he proceeded with the lawsuit rather than agreeing to submit to arbitration.
 {¶ 10} Jeffrey Shugarman testified that he is the vice-president of Hafner Crafted Homes. Shugarman testified regarding the price changes of several items involved in the contract. Shugarman stated that some prices were increased while others were significantly lower than what was quoted. *Page 5 
 {¶ 11} Cross-examination of Shugarman focused on appellees' fraud claims. Shugarman was questioned about the Ohio Department of Transportation ("ODOT") permit issued on October 25, 2000, allowing H S to construct a driveway with access from S.R. 65 to residential properties. The permit set forth the specifications for the driveway and stated that "[a]ny change in the use of the permitted access inconsistent with its terms and conditions will be considered a violation of this permit and cause for removal of the permitted installation at the permittee's cost."
 {¶ 12} Shugarman was then questioned about a permit inspection certificate issued on July 17, 2002, which indicated that the work had not been completed in accordance with ODOT specifications. Shugarman testified that Hussein knew that the driveway was not complete prior to purchasing the lots; however, Hussein was not informed of the ODOT deficiency letter. Shugarman stated that because the driveway was a "work in progress" he did not feel that Hussein needed to be informed.
 {¶ 13} Shugarman was also questioned about the fact that the city of Perrysburg found the there was insufficient concrete poured for the foundation of the home. Shugarman testified that he would not inform an owner about such a problem if the problem was corrected and did not cost the owner anything. Shugarman testified that the foundation later cracked; he denied that he or his partner tried to hide it from appellees.
 {¶ 14} Shugarman was further questioned about the October 2002 real estate purchase contract; specifically, the provision representing that the seller had not received notice that the property was not in compliance with any "laws, orders, rules or *Page 6 
regulations, ordinances and codes of any kind[.]" Shugarman acknowledged that "[i]n the context of reviewing it, right now I can see that probably would have been a good thing to tell him."
 {¶ 15} At the conclusion of the testimony appellees introduced an affidavit from Trish Branam, Executive Director of the Toledo Bar Association. The affidavit stated that, contrary to the arbitration clause, the Toledo Bar Association does not provide arbitrators or arbitration services.
 {¶ 16} At the conclusion of the hearing, the trial court stated that the arbitration clause applied to the breach of contract claim; the court dismissed that claim alone. The court then stated that the majority of appellees' claims were related to fraud and misrepresentation and violations of the consumer protection act which "really are not arbitrable issues." In its January 26, 2007 judgment entry, the trial court clarified that appellees' breach of contract claim was dismissed, without prejudice, pending arbitration. The trial court did not stay the proceedings relative to the remaining claims pending arbitration. This appeal followed.
 {¶ 17} Appellants now present the following two assignments of error:
 {¶ 18} "I. First Assignment of Error. Once the trial court determined that the arbitration clause was a valid and enforceable provision of the parties' contract, the trial court erred by finding that the arbitration clause only applied to Appellees' claim for breach of contract. *Page 7 
 {¶ 19} "II. Second Assignment of Error. Once the trial court determined that the arbitration clause was a valid and enforceable provision of the contract, the trial court erred in failing to stay the entire case until the issues subject to arbitration are resolved."
 {¶ 20} Appellees/cross-appellants raise the following assignment of error:
 {¶ 21} "[D]id the trial court err when it held that Plaintiffs' claim for breach of contract was arbitrable when in fact the entire Construction Contract was void ab initio?"
 {¶ 22} Prior to addressing the merits of the parties' arguments, we must determine the appropriate standard of review. Appellants contend that a de novo standard of review is appropriate; conversely, appellees espouse that an abuse of discretion standard of review generally applies to decisions regarding the arbitrability of a dispute. Generally Ohio courts have applied an abuse of discretion standard when reviewing a trial court's decision granting or denying a motion to stay proceedings and compel arbitration. Recently, the Supreme Court of Ohio held that a de novo standard of review applies in cases regarding the unconscionability of an arbitration clause. Taylor Bldg. Corp. of Am. v.Benfield, Ohio St.3d, 2008-Ohio-938. The court based its decision on the fact that the determination of whether a written contract is unconscionable is an issue of law which is reviewed de novo. Id. at ¶ 36. However, the court noted that any factual findings made in support of the trial court's determination regarding unconscionability must be given "great deference." Id. at ¶ 37.
 {¶ 23} Based on the foregoing, we will review, de novo, the question of whether, as a matter of law, a particular claim is subject to arbitration. However, the trial court's *Page 8 
factual findings will be accorded deference. The trial court conducted a hearing on the matter with the specific purpose of gaining information regarding the factual bases of the claims.
 {¶ 24} In appellants' first assignment of error they argue that the trial court erred when it limited the enforceability of the arbitration clause to appellees' breach of contract claim. Conversely, appellees' assignment of error disputes the trial court's determination that their breach of contract claim was arbitrable. Initially, we note that arbitration is encouraged as a method of dispute resolution and a presumption favoring arbitration arises when the claim in dispute falls within the arbitration provision. Williams v. Aetna Fin. Co.,83 Ohio St.3d 464, 471, 1998-Ohio-294. This public policy favoring arbitration is codified in Ohio's Arbitration Act, R.C. Chapter 2711. R.C.2711.01(A) states:
 {¶ 25} "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 26} Appellants cite the Ohio Supreme Court case captioned Academyof Medicine of Cincinnati v. Aetna Health, Inc., 108 Ohio St.3d 185,2006-Ohio-657, which *Page 9 
affirmed the appellate court's reliance on the federal standard for determining the arbitrability of a dispute. In its decision, the court endorsed the method for determining the scope of arbitration set forthin Fazio v. Lehman Bros., Inc. (C.A.6, 2003), 340 F.3d 386. The Ohio Supreme Court stated that under Fazio, the court first looks at the agreement itself and asks whether the parties agreed to arbitrate. Id. at ¶ 17. Next, the court must determine the scope of the arbitration agreement; whether it is broad or narrow. Id. at ¶ 18. The court noted that "[arbitration is not limited to claims alleging a breach of contract, and creative pleading of claims as something other than contractual cannot overcome a broad arbitration provision." Id. at ¶ 19. In order to determine whether a claim labeled as a tort or statutory claim is, in reality, a cause of action based upon the contract, the court is to ask whether the cause of action could be maintained without reference to the contract. Id. at ¶ 24.
 {¶ 27} With the above guidelines in mind we begin our analysis of the arbitrability of appellees' claims. Appellees' first and second claims for relief alleged fraud in the factum and fraud. Appellees' fraud in the factum claim specifically refers to the construction contract. In the claim, appellees alleged that appellants misrepresented that the contract was a "time and materials contract" based upon actual costs.
 {¶ 28} Appellees, in support of their assignment of error asserting that none of their claims should be subject to arbitration, citeRoberts v. Bank of Am. NT SA (1995), 107 Ohio App.3d 301, for the proposition that their fraud in the factum claim (which, if *Page 10 
proven, would render the contract a nullity) should be tried on the merits prior to arbitration on the remaining issues.
 {¶ 29} In Roberts, the appellant argued that the absence of consideration prevented the formation of a legally binding agreement and should be considered fraud in the factum and be nonarbitrable. Id. at 304. The court acknowledged that "where the allegation is that of fraud in the factum, i.e., ineffective assent to the contract, the intent to arbitrate will not be presumed." Id. at 305.
 {¶ 30} Appellees' fraud claim alleges that appellants made several material misrepresentations regarding cost increases and defects in construction. Appellees contend that that they detrimentally relied upon the misrepresentations.
 {¶ 31} At the motion hearing testimony was presented regarding the alleged misrepresentations relative to the code violations and the foundation; much of the testimony related to events which predated the construction contract. Accordingly, because appellees' fraud claims are not presumed to be arbitrable and they allege acts that occurred prior to the execution of the construction contract, we cannot say that the trial court erred when it failed to order arbitration on these claims.
 {¶ 32} Appellees' third claim is for breach of the construction contract. The trial court found this claim to be arbitrable. Appellees' claim falls squarely within the scope of the arbitration clause. Thus, we find that the court did not err.
 {¶ 33} In appellees' fourth claim for relief they argue that, pursuant to the construction contract, appellants breached the express warranty that the work would "be *Page 11 
performed in a good and craftsman-like manner per industry standards * * *." Under the Fazio, supra, test, this claim specifically relates to the contract and is a proper subject for arbitration.
 {¶ 34} Appellees next allege, in their fifth claim for relief, that a subsequent agreement between the parties replaced the construction contract; appellees contend that appellants breached the novation. Because this agreement did not contain an arbitration clause the court did not err in finding that the parties did not agree to arbitrate this claim. Moreover, the court heard testimony that Hussein did not intend that the agreement would replace the construction contract; rather, the agreement was meant to supplement the original contract.
 {¶ 35} In appellees' sixth claim for relief they contend that appellants were unjustly enriched by failing to perform the promised services and retaining the payments tendered. Under the Fazio, supra, test this claim also stems directly from the performance of the construction contract and is within the scope of the broadly worded arbitration clause.
 {¶ 36} Appellees' seventh claim for relief alleged that appellants breached their duty to construct appellees' home in a workmanlike manner. This claim clearly arises from the performance of the construction contract, Fazio, supra, and is a proper subject for arbitration. *Page 12 
 {¶ 37} Appellees' eighth claim for relief alleges that appellants violated the CPSA. The parties dispute whether appellees' CPSA claim is subject to arbitration. The parties each rely on cases from our court to support their arguments.
 {¶ 38} Appellants rely on Karamol v. Continental Estates, Inc. (Sept. 22, 2000), 6th Dist. No. WD-00-021. In Karamol, the court agreed that "ordering a dispute arising from a contract containing an arbitration clause to arbitration does not deprive the complainant of any remedies available as the result of claims made pursuant to the CSPA." Id. The court then examined whether the particular arbitration clause encompassed the subject of the parties' dispute. Id. The claims raised involved deficiencies in the completion of appellees' modular home. The court concluded that the claims fell within the scope of the arbitration clause. Id.
 {¶ 39} Conversely, in Zalecki v. Terminix Internatl, Inc. (Feb. 23, 1996), 6th Dist. No. L-95-156, the court held that because the nature of the claims was the misrepresentation or deception involved in the procurement of the contract, the CSPA claims were not subject to arbitration. The court then determined that because the claims did not arise from the contract, an arbitration panel did not have the authority to award damages.
 {¶ 40} In the present case, in their CSPA claim appellees allege that "[i]n the negotiation and implementation of the construction contract, Defendants knowingly committed deceptive and/or unconscionable sales practices * * * and/or committed acts or practices declared to violate the CSPA by judicial decisions archived in the public *Page 13 
inspection file of the Ohio Attorney General's Office prior to the events in question." Accordingly, we find that the allegations raised by appellees are more analogous to the facts in Zalecki, rather thanKaramol. Thus, we find that the trial court did not err by not ordering that the claim be arbitrated.
 {¶ 41} We next address the effect, if any, of the apparent defect in the arbitration clause regarding the language which requires that the parties select an arbitrator "from the Toledo Bar Association." Appellees submitted an affidavit from the director of the Toledo Bar Association stating that "[t]he Toledo Bar Association does not provide any general arbitration services." Appellees argues that because the arbitration clause, as written, is not enforceable it may be avoided. In support, appellees cite Kauffman v. Cugini Capoccia Builders,Inc. (June 28, 2001), 10th Dist. No. 00AP-871. In Kauffman, the parties agreed that arbitration would be conducted in accordance with the "Building Industry Association of Central Ohio arbitration rules." Later, it was discovered that the association had not established arbitration rules. Appellees submitted an affidavit that they had relied on the arbitration clause and the ability to submit disputes to the association. Appellant contended that he was not aware, at the time of the contract, that the association did not have arbitration rules. The court concluded that a mutual mistake of material fact had been made and that the mistake rendered the arbitration clause voidable.
 {¶ 42} In the present case, it is apparent that appellants mistakenly believed that the Toledo Bar Association provided arbitration services. However, appellees have not *Page 14 
demonstrated that they relied on this portion of the arbitration clause when approving the arbitration provision. Thus, we conclude that the mistake was not material and did not render the arbitration clause voidable.
 {¶ 43} In summary, we conclude that the trial court did not err when it ordered the breach of contract claim to be arbitrated. However, we find that the court erred by not ordering that the breach of express warranty, unjust enrichment, and negligence claims be arbitrated as they clearly, under Fazio, supra, could not be maintained without reference to the construction contract. We further find that the court did not err when it failed to order that the fraud claims and the CSPA claim be arbitrated. Finally, we conclude that the error in the arbitration clause was not material and did not affect the enforceability of the provision.
 {¶ 44} Accordingly, appellants' first assignment of error is well-taken, in part. Appellees/cross-appellants' sole assignment of error is not well-taken.
 {¶ 45} Appellants' second assignment of error disputes the trial court's refusal to stay the proceedings pending arbitration. R.C.2711.02 provides:
 {¶ 46} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties staythe trial of the action until the arbitration of the issue has been hadin accordance with the *Page 15 agreement, provided the applicant for the stay is not in default in proceeding with arbitration." (Emphasis added.)
 {¶ 47} In Cheney v. Sears, Roebuck and Co., 10th Dist. No. 04AP-1354,2005-Ohio-3283, ¶ 12, the court held that "when an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved." In the instant case we agree that, pursuant to R.C. 2711.02, the court, upon application of appellants, was required to stay the proceedings pending the resolution of the arbitrable issues. Accordingly, we find that appellants' second assignment of error is well-taken.
 {¶ 48} On consideration whereof, we find that appellants were prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is reversed, in part, and the matter is remanded for further proceedings consistent with this decision. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 16 
Mark L. Pietrykowski, P.J. William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1