DECISION AND JUDGMENT ENTRY
{¶ 1} Former employee Miranda Redmond appeals the judgments of the Lawrence County Court of Common Pleas granting the motions of her former employer, Big Sandy Furniture, Inc. ("Big Sandy"), and her former supervisor Brian S. Chinn to compel arbitration and staying the proceedings pending final and binding arbitration. Redmond had filed a complaint in the trial court alleging several causes of action, including sexual harassment. On appeal, Redmond contends, inter alia, that the trial court erred when it found the arbitration clause enforceable because it is illusory. Because Big Sandy can unilaterally modify *Page 2 
and/or terminate the clause without notice and without regard to how it would implement the modifications, we agree. Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
I.
 {¶ 2} Redmond alleged in her complaint that during her employment with Big Sandy that supervisor Chinn engaged in a pattern of conduct that constituted unlawful sexual harassment. She alleged that his actions constituted quid pro quo harassment because Chinn suggested that her career at Big Sandy would progress further and faster if she gave into his sexual advances. In addition, she claims that their conduct rendered her employment environment hostile. Despite her protests to Chinn, and her complaints to other Big Sandy management employees, Redmond claimed that the harassment continued. 
 {¶ 3} Redmond further alleged the following additional causes of action: (1) negligent hiring and retention of Chinn against Big Sandy; (2) intentional infliction of emotional distress; (3) wrongful discharge; (4) assault and battery; (5) libel and defamation; and (6) false imputation of crime; (7) abuse of process and malicious prosecution. Redmond also seeks punitive damages, alleging that the conduct was intentional, grossly reckless, willful, wanton, oppressive, and malicious. She seeks to hold Big Sandy vicariously liable for the actions of Chinn under the doctrine of respondeat superior because she claimed his actions were committed while he acted within the scope of his employment. *Page 3 
 {¶ 4} Big Sandy and Chinn separately moved the court for orders staying the proceedings and compelling arbitration of Redmond's claims. In their motions, they asserted that, in applying for employment with Big Sandy, and during the course of her employment, Redmond signed several notices and/or acknowledgments in which she agreed to resolve any and all disputes arising out of her employment through Big Sandy's Dispute Resolution Plan. Each of the notices and acknowledgments Redmond executed indicated that the Dispute Resolution Plan included binding arbitration as a final step. This document also named Dispute Solutions, Inc. (DSI) as the Plan Administrator. 
 {¶ 5} Redmond opposed the two motions, arguing that the arbitration agreement is unenforceable because: (1) it is illusory and lacks mutuality of obligation and consideration since Big Sandy retained the exclusive right to terminate the agreement at will; (2) it does not provide a fair and impartial forum in which she can vindicate her statutory rights; (3) it is unconscionable as she did not knowingly and voluntarily waive her constitutional right to a fair trial, and because the cost provisions of the agreement effectively deter employees from enforcing their rights; and (4) some of her claims (e.g. her claim for malicious criminal prosecution), fall outside the scope of the alleged agreement. In addition, Redmond asserted that Chinn could not compel arbitration of her claims against him because no contract existed between herself and Chinn that would entitle him to compel arbitration.
 {¶ 6} The court granted the motions. Redmond appealed, and we consolidated the two cases. On review, we determined that Redmond had not *Page 4 
appealed final, appealable orders. We dismissed the appeal because we lacked jurisdiction.
 {¶ 7} On remand, Redmond dismissed her claims against another supervisor. The trial court again ordered that Redmond's claims against Big Sandy and Chinn be referred to arbitration.
 {¶ 8} Redmond again appeals the judgments of the trial court and asserts the following six assignments of error: I. "The Trial Court erred when it ruled that compelled arbitration was mandated in this case." II. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement at issue was unenforceable because it was illusory and lacked mutuality of obligation." III. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement was unenforceable because it failed to ensure neutrality in the selection of arbitrators." IV. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement was unenforceable because it was unconscionable." V. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement was unenforceable because the cost provisions deny plaintiffs a forum in which to vindicate their rights." VI. "The Trial Court erred as a matter of law when it failed to determine that the arbitration agreement was unenforceable as to certain claims because they fell outside the scope of the agreement."
 II. *Page 5 {¶ 9} We address Redmond's second assignment of error out of order because it is dispositive. Redmond contends that the arbitration clause is not enforceable.
 {¶ 10} When interpreting the meaning of an arbitration agreement, our review is de novo. See, generally, Taylor Bldg. Corp. of Am. v.Benfield, 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 2. See, also,Westminster Fin. Cos., Inc. v. Briarcliff Capital Corp.,156 Ohio App.3d 266, 2004-Ohio-782, ¶ 10; Boggs v. Columbus Steel Castings Co., Franklin App. No. 04AP-1239, 2005-Ohio-4783, ¶¶ 5-6.
 {¶ 11} Redmond asserts that the arbitration plan is an illusory promise and is unsupported by consideration.
 {¶ 12} "Without consideration, there can be no contract." Carlisle v.T R Excavating, Inc. (1997), 123 Ohio App.3d 277, 283. "A [bilateral] contract that lacks mutuality of obligation lacks the fundamental requirement of consideration." Levy v. Clinton Mem. Hosp., Clinton App. No. CA2007-05-027, 2007-Ohio-7077, ¶ 41. "[T]he concept of `mutuality of obligation' expresses the idea that both parties to the contract must be bound or neither is bound." Helle v. Landmark (1984), 15 Ohio App.3d 1,12.
 {¶ 13} Here, we find that the arbitration agreement is unenforcible. The Plan confers almost unfettered authority upon Big Sandy to modify or terminate the Plan. Many courts have held that agreements that give only one party the authority to change or terminate the arbitration clause are unenforceable. Dumais v. Am. Golf Corp. (10th Cir., 2002),299 F.3d 1216, 1219 ("We join other circuits in holding that an arbitration agreement allowing one party the unfettered *Page 6 
right to alter the arbitration agreement's existence or its scope is illusory."); Penn v. Ryan's Family Steak Houses, Inc. (7th Cir., 2001),269 F.3d 753, 759-761 (holding an agreement containing the unilateral right to amend the plan rendered the promise to arbitrate illusory.);Floss v. Ryan's Family Steak Houses, Inc. (6th Cir., 2000),211 F.3d 306, 315-316 (finding the arbitration agreement was illusory because the arbitration company "reserved the right to alter applicable rules and procedures without any obligation to notify, much less receive consent from," the employees); Trumbull v. Century Mktg. Corp. (N.D. Ohio, 1998), 12 F. Supp. 2d 683, 686 (finding the agreement unenforceable because the plaintiff would be bound by the clause but the defendant could revoke the arbitration clause at any time.)
 {¶ 14} Here, section 7.1 gives Big Sandy the right to modify the Plan at any time. In fact, it also gives the Plan Director the right to modify it by simply signing a "written document," which is presumably the amendment itself. Section 7.6 permits Big Sandy to terminate the Plan by "completing a Notice of Discontinuation." This "Notice of Discontinuation" is neither a legal term of art, nor is it defined by the Plan. There is no requirement that employees such as Redmond actually receive notice of modifications or the termination of the Plan. Besides the failure of the Plan to require notice to the employees, there is no provision addressing how accrued claims will be handled after modification or termination. Morrison v. Amway Corp. (5th Cir., 2008), 517 F.3d 248, 257. We agree with the courts that have found that permitting an employer to unilaterally *Page 7 
amend or terminate an arbitration agreement without notice renders the agreement illusory.
 {¶ 15} Big Sandy rests much of its argument on the recent case ofGilbert v. Big Sandy Furniture, Inc. (S.D. Ohio, Sept. 6, 2007), No. 2:07-CV-87. The Gilbert court was asked to review a dispute resolution plan and arbitration agreement that appears quite similar to the one at issue here. Id. The Gilbert court rejected the plaintiff's claim that the agreement was illusory because Big Sandy could modify or terminate the agreement at any time. Id. However, we distinguish this case fromGilbert. In Gilbert, the "Notice of Discontinuation" was made part of the record. The Gilbert court rested its entire analysis on that document. Id.
 {¶ 16} Here, that document is not in the record, and we cannot consider it. Second, we express greater reservation than did theGilbert court in drawing essential terms of the agreement from a document not made part of the original contract. Although theGilbert court found that the "Notice of Discontinuation" placed certain limitations on Big Sandy's actions, we observe there is nothing in the agreement to prevent them from unilaterally modifying the terms of this document.
 {¶ 17} Accordingly, we sustain Redmond's second assignment of error and find her remaining assignments of error moot. We reverse the judgment of the trial court and remand this cause to that court for further proceedings consistent with this opinion.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and this CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellees shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1