[Cite as *Rippe & Kingston Co., PSC v. Kruse*, 2014-Ohio-2428.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


RIPPE & KINGSTON CO. PSC,          :          APPEAL NO. C-130587
                                                TRIAL NO. A-1301305
    Plaintiff-Appellee,          :

  vs.                                 :

RICHARD J. KRUSE, CPA,             :          *O P I N I O N.*

    Defendant-Appellant.          :

                                    :



Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  June 6, 2014


*Kohnen & Patton LLP* and *Joseph L. Dilts*, for Plaintiff-Appellee,

*James M. Moore*, for Defendant-Appellant.



**Please note:  this case has been removed from the accelerated calendar.**

**FISCHER, Judge.**

{¶1}   Defendant-appellant Richard Kruse appeals the judgment of the Hamilton County Court of Common Pleas staying this shareholder action below pending arbitration.  Because we find no merit in Kruse's sole assignment of error, we affirm the judgment of the trial court.

## I.      Facts and Procedural History

{¶2}   Rippe & Kingston Co. PSC ("R&K"), an accounting corporation, employed Kruse as a certified public accountant.  While an employee of the company, Kruse also became a shareholder of R&K, and entered into a written agreement (the "Shareholder Agreement") in October 2000.  The Shareholder Agreement provided that if a shareholder's employment were terminated for reasons other than death or total disability, and the shareholder failed to furnish R&K with a release of legal claims against the company, R&K could purchase the shareholder's shares 30 days from sending a written notification to the shareholder (the "Call Option").

{¶3}   In August 2001, R&K terminated Kruse's employment, allegedly for cause.  Nearly 12 years later, in December 2012, R&K sent Kruse written notification exercising its rights under the Call Option, which set a closing date for the purchase of Kruse's shares 30 days from the date of the written notification.  When Kruse did not attend the closing and refused to deliver his shares, R&K filed the instant action in the Hamilton County Court of Common Pleas.

{¶4}   The Shareholder Agreement also contained an arbitration clause in paragraph 28, which provided that

>     [a]ny dispute or controversy existing among [R&K] and one or more of
>     the Shareholders regarding any of the terms of this Agreement or the

2

breach thereof, the determination of which is not otherwise provided for by this Agreement, on a written demand of any of the parties hereto, shall be submitted to and determined by binding arbitration * * *. Notwithstanding any provision herein relating to arbitration, [R&K] or the Shareholders shall have the right to petition a court of competent jurisdiction for specific performance or injunctive relief as provided in Paragraphs (9) and (22) * * *.

{¶5}  Paragraph 22 of the Shareholder Agreement provided parties the right to seek specific performance to compel performance of the Shareholder Agreement.

{¶6}  In its suit against Kruse, R&K alleged that Kruse had breached the Shareholder Agreement by refusing to deliver his shares, and sought specific performance to compel Kruse to deliver those shares.  R&K also alleged that Kruse had breached the Shareholder Agreement by soliciting to provide financial or accounting services for R&K's clients in violation of a nonsolicitation provision. Finally, R&K alleged that Kruse owed it for unreimbursed COBRA payments, which he had allegedly promised to pay following his termination.

{¶7}  Kruse filed a counterclaim against R&K, seeking an order from the trial court that the Shareholder Agreement was void, and that the company owed him in excess of $35,000 for the value of his shares.  Kruse also alleged that R&K owed him $20,000 plus interest for payments he had made to the company in conjunction with obtaining a one-third ownership.  Moreover, Kruse alleged that R&K owed him for unreimbursed medical expenses and an unpaid bonus for his work the year prior to his termination.

{¶8}   R&K filed a motion requesting summary judgment on its claim for specific performance regarding its rights under the Call Option and requesting a stay pending arbitration.  As to its specific-performance claim, R&K argued that the record showed that Kruse had signed the Shareholder Agreement, that Kruse's employment had been terminated, that Kruse had failed to provide R&K a release of legal claims, and that he had not responded to R&K's letter exercising its rights under the Call Option.   Therefore, R&K argued it was entitled to specific performance ordering Kruse to sell his shares.  R&K further argued that Kruse was not entitled to any compensation for his shares, as determined by paragraph 16 of the Shareholder Agreement.

{¶9}   In arguing for a stay of the remaining claims pending arbitration, R&K did not rely on the arbitration provision as set forth in paragraph 28 of the Shareholder Agreement, but on an amended version of that provision.  The amended version, which had been adopted after Kruse's termination, stated:

> Any claims, disputes or controversies * * * existing among [R&K] and one or more of the Shareholders regarding any of the terms of this Agreement or the breach thereof, or arising out of the or relating to a Shareholder's employment with the [R&K], shall be settled and determined exclusively by final and binding arbitration * * * including without limitation, any Claims by a Shareholder * * *  for violation of any state or federal laws prohibiting discrimination on any basis, tort claims, contract claims, whether express or implied, breach of fiduciary duty, wrongful discharge, violation of public policy, or any other statutory or common law claim.   * * * Notwithstanding any

4

provision herein relating to arbitration, [R&K] or the Shareholders shall have the right to petition a court of competent jurisdiction for specific performance or injunctive relief as provided in Paragraphs (9) and (22).

{¶10} Kruse filed a memorandum in opposition to R&K's motion, in which Kruse argued that judgment on R&K's specific-performance claim and an order staying the action pending arbitration would be premature because discovery had not yet been completed. Kruse argued that he had requested information from R&K after the complaint had been filed in January 2013, regarding its corporate workings pursuant to R.C. 1701.37(C), which had not yet been answered. Kruse also argued that his discovery requests had remained unanswered. Kruse also disputed R&K's calculation of the value of his shares. As to R&K's request to stay the action pending arbitration, Kruse argued that the amended arbitration provision did not apply to him because he had not agreed to the amendment. He further argued that his counterclaims were not encompassed by the arbitration provision in paragraph 28 of the Shareholder Agreement because they did not arise out of the agreement.

{¶11} The trial court granted R&K's request for summary judgment on its specific-performance claim to the extent that the trial court ordered that Kruse must deliver his shares under the Call Option. The trial court specifically stated that the parties must arbitrate the issue of the value of Kruse's shares. The trial court then ordered the remaining issues stayed pending arbitration.

## II. Trial Court Stays the Action Pending Arbitration

{¶12} In his sole assignment of error, Kruse argues that the trial court erred by ordering a stay of proceedings and referring the remaining claims to arbitration. Kruse did not appeal the trial court's order of specific performance.

{¶13} R.C. 2711.02(B) requires a trial court to stay an action if the issues involved are subject to arbitration. The statute provides:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶14} An order granting or denying a stay of trial pending arbitration issued under R.C. 2711.02(B) is a final, appealable order under R.C. 2711.02(C), and need not meet the requirements of Civ.R. 54(B). *Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511, ¶ 1. We review orders issued under R.C. 2711.02(B) for an abuse of discretion. *See Stoll v. United Magazine Co.*, 10th Dist. Franklin No. 03AP-752, 2004-Ohio-2523, ¶ 18; *W.K. v. Farrell*, 167 Ohio App.3d 14, 2006-Ohio-2676, 853 N.E.2d 728, ¶ 15 (2d Dist.). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

6

## A.      Enforceability of the Arbitration Provision

{¶15} Kruse argues that he should be relieved from complying with the arbitration provision altogether because R&K materially breached its obligations to Kruse, and thus the Shareholder Agreement is void.

{¶16} R.C. 2711.01(A) provides that an arbitration provision in a written contract "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."  Grounds for revocation of an arbitration provision include, for example, when the parties did not agree to the arbitration provision, or when the arbitration clause is found to be unconscionable. *Small v. HCF of Perrysburg, Inc.*, 159 Ohio App.3d 66, 2004-Ohio-5757, 823 N.E.2d 19 (5th Dist.).

{¶17} Kruse contends that he was promised a one-third share in the ownership of R&K in exchange for his $20,000 in payments, and that he did not receive what he had been promised.  Kruse also argues that R&K breached its common-law fiduciary duty to Kruse as a minority shareholder, and breached its statutory duty under R.C. 1701.37(C) to allow Kruse to inspect the corporation's records.

{¶18} As to the alleged breaches of common-law and statutory duties owed to Kruse, Kruse did not bring a counterclaim asserting his statutory rights under R.C. 1701.37(C), and a breach of the fiduciary duty owed by the majority shareholders in a close corporation to Kruse as a minority shareholder would be a claim brought against those majority shareholders, not the corporation itself.  *See Crosby v. Beam*, 47 Ohio St.3d 105, 108, 548 N.E.2d 217 (1989).  Kruse's argument regarding the alleged breach by R&K to provide him a one-third ownership does not call into

question the validity of the arbitration provision in the Shareholder Agreement. Therefore, Kruse has not shown that the trial court abused its discretion in staying the action and enforcing the arbitration provision in the written contract.

### B.     Applicability of the Arbitration Provision to the Action

{¶19}   Apart from the validity of the arbitration provision, Kruse argues that the trial court erred in determining that the action "arose out of" the Shareholder Agreement, and thus Kruse contends that the trial court erred in applying the arbitration provision to the action.

{¶20}   Whether a controversy is arbitrable under a contract requires the court to invoke principles of contract interpretation, and thus presents a question of law, which we review de novo. *See Dunkelman v. Cincinnati Bengals, Inc.*, 158 Ohio App.3d 604, 2004-Ohio-6425, 821 N.E.2d 198, ¶ 19-20 (1st Dist.); *see also Carew v. Seeley*, 1st Dist. Hamilton No. C-050073, 2005-Ohio-5721, ¶ 12.  Because arbitration is a matter of contract, a party cannot be forced to arbitrate a dispute that it has not agreed to submit to arbitration.  *Taylor v. Ernst & Young, LLP*, 130 Ohio St.3d 411, 2011-Ohio-5262, 958 N.E.2d 1203, ¶ 20.  Nevertheless, Ohio has a strong policy favoring arbitration, so that any ambiguity in the language of an arbitration provision should be resolved in favor of arbitration.  *Id.* at ¶ 20-21, citing *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998).

{¶21}   If a court determines that any of the claims in an action are subject to arbitration under R.C. 2711.02(B), the court must stay the entire proceeding, despite the presence of nonarbitrable claims.  *See Cheney v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 04AP-1354, 2005-Ohio-3283, ¶ 12; *Hussein v. Hafner & Shugarman Ent. Inc.*, 176 Ohio App.3d 127, 2008-Ohio-1791, 890 N.E.2d 356, ¶ 47 (6th Dist.);

*McGuffey v. Lenscrafters, Inc.*, 141 Ohio App.3d 44, 749 N.E.2d 825, 831 (12th Dist.2001); *Garber v. Buckeye Chrysler-Jeep-Dodge of Shelby, LLC*, 5th Dist. Richland No. 2007-CA-0121, 2008-Ohio-3533, ¶ 18; *Murray v. David Moore Builders*, 177 Ohio App.3d 62, 2008-Ohio-2960, 893 N.E.2d 897, ¶ 11 (9th Dist.); *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 417, 701 N.E.2d 1040 (3d Dist.1997).

{¶22}  Kruse contends that he did not expressly agree to the amended version of the arbitration provision, which he alleges is more expansive in coverage than the arbitration provision contained in the Shareholder Agreement.  He further contends that his defenses and counterclaims do not arise out of the Shareholder Agreement, and therefore the arbitration provision does not apply.

{¶23}  Kruse did not appeal the trial court's order of specific performance to sell his shares; therefore, a main point of contention remaining between the parties concerns the value of Kruse's shares.  R&K contends that, under paragraph 16 of the Shareholder Agreement, Kruse is not entitled to any compensation for his shares. Kruse contends that his shares are worth in excess of $35,000.  At a minimum, the share-valuation controversy requires reference to the terms of the Shareholder Agreement, which then must be arbitrated even under the original arbitration provision that Kruse undisputedly signed.  Therefore, the arbitration provision applies to an issue in the action, and the trial court did not err under R.C. 2711.02(B) in staying all remaining claims pending arbitration, although some of the issues involved in the parties' dispute may fall outside the scope of the Shareholder Agreement. *See, e.g., Cheney* at ¶ 12.

### C. Opportunity for Discovery Prior to Stay

{¶24} Finally, Kruse argues that the trial court's decision staying the action pending arbitration was premature. Kruse contends that he should have had the opportunity to conduct discovery and to uncover information through his R.C. 1701.37 request because doing so would have given him information on the value of his shares, whether R&K had breached the Shareholder Agreement, and opportunities given to majority shareholders.

{¶25} A trial court can stay an action pending arbitration under R.C. 2711.02 prior to discovery. *See Giltner v. Mitchell*, 9th Dist. Summit No. 21039, 2002-Ohio-5771, ¶ 15; *see also Melia v. OfficeMax N. Am., Inc.*, 8th Dist. Cuyahoga No. 87249, 2006-Ohio-4765, ¶ 38. Moreover, Kruse's arguments advocate more time for discovery with regard to the merits of his defenses and counterclaims, and he does not argue that any information in response to his discovery requests would have affected the enforceability or the applicability of the arbitration provision. Therefore, we do not find merit in Kruse's arguments, and we determine that the trial court did not abuse its discretion in ordering a stay of the action pending arbitration.

### III. Conclusion

{¶26} In conclusion, we overrule Kruse's sole assignment of error. The judgment of the trial court staying the action pending arbitration is affirmed.

Judgment affirmed.

CUNNINGHAM, P.J., and HILDEBRANDT, J., concur.

10

**Please note:**

The court has recorded its own entry on the date of the release of this opinion.