[Cite as *Bauer v. River City Mtge., L.L.C.*, 2023-Ohio-3443.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| ALYSSA BAUER, | : | APPEAL NO. C-230001 |
| | | TRIAL NO. A-2203082 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| RIVER CITY MORTGAGE, LLC, | : | |
| and | : | |
| NICHOLAS A. HUNTER, | : | |
| Defendants-Appellees. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 27, 2023


*Haber LLP, Richard C. Haber*, *Lindsey K. Self* and *Natalie D. Davis*, for Plaintiff-Appellant,

*Owens and Yurik LLC* and *Timothy J. Owens*, for Defendants-Appellees.

**KINSLEY, Judge.**

**{¶1}** Plaintiff-appellant Alyssa Bauer appeals from the trial court's decision granting defendants-appellees River City Mortgage, LLC, and Nicholas A. Hunter's (together "River City") motion to dismiss or stay proceedings and compel arbitration. Bauer argues that the employee manual she reviewed and signed as a condition of her employment with River City was not a binding contract, and she therefore cannot be compelled to arbitrate based on language contained in the manual. We agree. Because the employee manual contained a broad disclaimer of contractual obligations, there was no mutual assent. Accordingly, given that the employee manual was not a binding contract, Bauer's assignment of error is sustained, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings.

### *Factual and Procedural Background*

**{¶2}** Bauer was employed by River City as an administrative assistant. As a condition of her employment, Bauer reviewed River City's employee manual and signed the accompanying acknowledgement form. Among other policies, the employee manual contained an arbitration and choice-of-law provision, which required the parties to arbitrate rather than litigate their disputes. The following portions of the acknowledgement form that Bauer signed are also relevant to this appeal:

> This Employee Manual has been prepared for your understanding of the policies, practices and benefits of River City Mortgage. It is important to read this entire Manual. **We reserve the right to make changes at any time without notice and to interpret these policies and**

**procedures at the discretion of our Company.** This Employee Manual supersedes all prior manuals and previously-issued policies.

* * *

**You acknowledge that this Manual is not intended to create**, nor shall be construed as creating, any express or implied contract of employment for a definite or specific period of time, between you and Company or to otherwise create **express or implied legally enforceable contractual obligations on the part of Company concerning any terms, conditions, or privileges of employment.**

(Emphasis added.)

{¶3}    In her complaint, Bauer alleged that she was eventually promoted to the position of executive assistant and reported directly to Hunter. She further alleged that she was subjected to repeated discrimination and harassment by Hunter and that River City's human resources representative was aware of this inappropriate behavior by Hunter but did not intervene. Bauer was eventually discharged from her employment with River City.

{¶4}    River City moved to dismiss or stay proceedings and compel arbitration. They asserted that the employee manual that Bauer reviewed and the accompanying acknowledgement form that she signed prior to her employment contained a mandatory arbitration policy which encompassed her claims against them. They further argued that either dismissal or a stay of proceedings was necessary, because the employee manual was a binding contract. Because the trial court found that Bauer had expressly agreed to arbitrate disputes with River City by signing the

3

acknowledgement form that accompanied the employee manual, it granted defendants' motion and stayed proceedings pending arbitration.

{¶5} Bauer now appeals.

### *Employee Handbooks as Implied Contracts*

{¶6} In her sole assignment of error, Bauer argues the trial court erred in granting defendants' motion to dismiss or stay proceedings and compel arbitration. Bauer asserts that neither the employee manual nor the arbitration provision in the employee manual constitutes a binding contract.

{¶7} "Whether a controversy is arbitrable under a contract requires the court to invoke principles of contract interpretation, and thus presents a question of law, which we review de novo." *Rippe & Kingston Co. PSC v. Kruse*, 1st Dist. Hamilton No. C-130587, 2014-Ohio-2428, ¶ 20. The essential elements of contract formation are required to compel arbitration. *Id.* We summarized the requirements of contract formation in *Deffren v. Johnson*:

> A contract is generally defined as a promise, or a set of promises, actionable upon breach. And the essential elements of a contract include an offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent and legality of object and of consideration. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract.

(Internal quotation marks and citations omitted.) *Deffren v. Johnson*, 2021-Ohio-817, 169 N.E.3d 270, ¶ 16 (1st Dist.).

{¶8} And in *Smiddy v. Kinko's, Inc.*, we explained implied contracts in the context of employee handbooks:

Under a theory of implied contract, the terms of employee handbooks, policy manuals, and the like may alter the initial at-will nature of the employment. In order to have this effect, however, both parties must have intended for the language in handbooks or manuals to be legally binding. In other words, the employee's belief that the handbook affords him contractual rights does not mean that it does unless the employer intends it do so. As in all contracts, express or implied, both parties must intend to be bound. Absent mutual assent, a handbook becomes merely a unilateral statement of rules and policies which create no obligation and rights.

(Internal quotation marks and citations omitted.) *Smiddy v. Kinko's, Inc.*, 1st Dist. Hamilton No. C-020222, 2003-Ohio-446, ¶ 20.

{¶9} In *Deffren*, we further explained that "an employee handbook cannot form the basis of an implied contract unless both parties intended for the language in handbooks or manuals to be legally binding." (Internal quotation marks and citations omitted.) *Deffren* at ¶ 19. There, we held that the employee handbook at issue did not create contractual obligations, because it expressly disavowed any binding force, reserved the right for modification at any time unilaterally by the employer, and specified that employees were at-will employees. *Id.* at ¶ 20.

{¶10} Similarly, in *Redmond v. Big Sandy Furniture, Inc.*, the court held the arbitration agreement was unenforceable where it gave "almost unfettered authority upon [the employer] to modify or terminate the arbitration clause." *Redmond v. Big Sandy Furniture, Inc.*, 4th Dist. Lawrence No. 08AC12, 2008-Ohio-6084, ¶ 13 (collecting cases). And in *Miller v. Lindsay-Green Inc.*, the court reached the same

5

conclusion, despite the employee's execution of an acknowledgment form. *Miller v. Lindsay-Green, Inc.*, 10th Dist. Franklin No. 04AP-848, 2005-Ohio-6366, ¶ 67-68. This was because the court reasoned that the acknowledgement form was nothing more than a written memorialization of the employee's receipt of the handbook. *Id.* at ¶ 64.

{¶11} Conversely, in *Cunningham-Malhoit v. Salomon Smith Barney, Inc.*, a case upon which River City heavily relies, the court held that two employee handbook receipt forms constituted agreements to arbitrate. *Cunningham-Malhoit v. Salomon Smith Barney, Inc.*, 6th Dist. Lucas No. L-02-1277, 2003-Ohio-2795, ¶ 19. In one of the employee handbook receipt forms, the employee explicitly "agreed that she would be bound by [the employer's] Principles of Employment, which include[ed] a predispute, employment arbitration provision as a part of her employment." (Internal quotation marks omitted.) *Id.* at ¶ 17. Because this language evidenced an enforceable contract, the court held the employee had "clearly agreed to submit all employment disputes to arbitration." *Id.* at ¶ 19.

{¶12} Likewise, in *Corl v. Thomas & King*, the court held that because the employee signed a policy acknowledgment form that specified that she agreed to binding arbitration as the sole and exclusive method of resolving employment disputes, the contract would be enforced as written. *Corl v. Thomas & King*, 10th Dist. Franklin No. 05AP-1128, 2006-Ohio-2956, ¶ 18, 27. The court noted that where "both parties agree to take certain disputes to arbitration and to be bound by the outcome, sufficient consideration exists." *Id.* at ¶ 20.

{¶13} Here, unlike the acknowledgement forms in *Cunningham* and *Corl,* the acknowledgment form that Bauer signed did not make specific reference to

6

arbitration. Though Bauer agreed to comply with the policies in the employee manual and be bound by them, the acknowledgement form she signed also clearly and unequivocally disavowed any binding force. The acknowledgment form stated that the employee manual was "not intended to create, nor shall be construed as creating any express or implied contract of employment * * * or to otherwise create express or implied legally enforceable contractual obligations on the part of [River City]."

{¶14} Further, the acknowledgement form provided River City with "unfettered authority" to modify the employee manual without any notice to Bauer. *See Redmond*, 4th Dist. Lawrence No. 08AC12, 2008-Ohio-6084, at ¶ 13. Many courts have "found that permitting an employer to unilaterally amend or terminate an arbitration agreement without notice renders the agreement illusory." *Id.* at ¶ 13-14 (collecting cases). Because the acknowledgement form disavowed any binding force and provided River City with the authority to amend the employee manual at any time without notice to Bauer, we hold there was no meeting of the minds here. And absent mutual assent, the employee handbook was merely a unilateral statement of rules and policies which did not create any contractual obligation and rights. *See Smiddy*, 1st Dist. Hamilton No. C-020222, 2003-Ohio-446, at ¶ 20.

{¶15} Defendants rely heavily on Ohio's strong policy favoring arbitration to argue the employee manual was a binding contract. But this policy is not triggered when a broad disclaimer of contractual obligations indicates the parties never agreed to arbitrate. Further, the presumption in favor of arbitration is useful in resolving ambiguities in the language of an arbitration provision. *Rippe & Kingston Co. PSC*, 1st Dist. Hamilton No. C-130587, 2014-Ohio-2428, at ¶ 20. But here, no such ambiguities exist, as the acknowledgement form clearly and unequivocally disclaims

any contractual obligations. Defendants' reliance on Ohio's strong policy favoring arbitration is therefore misplaced.

**{¶16}** Bauer also contends the arbitration provision is not an enforceable contract on its own. But because the arbitration provision is incorporated in the employee manual which we hold is not a binding contract, this contention is moot.

**{¶17}** Therefore, because the employee manual did not constitute a binding contract, the trial court erred in granting defendants' motion and staying proceedings pending arbitration. Bauer's assignment of error is sustained, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings.

### *Conclusion*

**{¶18}** For the foregoing reasons, we hold that the trial court erred in granting defendants' motion to dismiss or stay proceedings and compel arbitration. We sustain Bauer's assignment of error, reverse the judgment of the trial court, and remand the cause to the trial court.

Judgment reversed and cause remanded.

CROUSE, P.J., and BERGERON, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.