[Cite as *Dana Ltd. v. Sypris Technologies, Inc.*, 2015-Ohio-5311.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Dana Limited

      Appellee

v.

Sypris Technologies, Inc.

      Appellant

Court of Appeals No. L-15-1058

Trial Court No. CI0201401138

**<u>DECISION AND JUDGMENT</u>**

Decided: December 18, 2015

* * * * *

J. Daniel Sharp, Cary Rodman Cooper, David Rodman Cooper and
Margaret J. Lockhart, for appellee.

James P. Silk, Jr., John F. Hartmann and Erica Zolner, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant Sypris Technologies, Inc. (Sypris) appeals the March 4, 2015
judgment of the Lucas County Court of Common Pleas which granted appellee Dana
Limited's (Dana) motion for judgment on the pleadings or summary judgment on its
complaint for declaratory judgment. The court declared that the July 2013 document at

issue was not a binding contract between the parties and, thus, Dana was not required to submit to arbitration to resolve the dispute. Because we agree that a binding agreement was not formed, we affirm.

{¶ 2} Sypris and Dana have a business relationship dating back to 2001. Sypris has supplied Dana with driveline components including axle shafts, gear sets, knuckles, I-beams, carriers, differential cases, etc., for use in light, medium, and heavy-duty trucks pursuant to multi-year, sole-sourced contracts. In 2007, the parties entered into a supply agreement stemming from Dana's bankruptcy proceedings including litigation and arbitration involving Sypris. The agreement, which was approved by the bankruptcy court, was for approximately 2,000 automotive part numbers (approximately 2 million units per year) to be supplied to Dana through December 31, 2014.

{¶ 3} The agreement provided that the parties, 24 months prior to the expiration of the contract term, could "negotiate in good faith to enter into an extension of this agreement for a renewal period agreed upon by the parties." The agreement also provided that Dana, "on or after July 1, 2013," could enter into long-term contracts for the parts provided for in the agreement with third parties.

{¶ 4} Pursuant to the agreement, in 2012, the parties began negotiating an extension. Negotiations continued and on July 2, 2013, the parties reached what was characterized as a "handshake agreement" with most of the material components agreed upon. The parties continued working toward a finalized agreement and on July 16, 2013, a draft agreement was signed which provided:

2.

DRAFT-SUBJECT TO FURTHER REVISION

AMENDED AND RESTATED SUPPLY AGREEMENT

This Amended and Restated Supply Agreement (the "Agreement") is made effective as of the execution of Exhibit A hereto (the "Effective Date"), by and between Dana Corporation [handwritten Limited inserted] ("Dana") and Sypris Technologies, Inc. ("Sypris").

**{¶ 5}** Exhibit A, attached to the body of the agreement stated:

DRAFT-SUBJECT TO FURTHER REVISION

EXHIBIT A- EXISTING PARTS

To be supplied by mutual agreement of the Parties as a precondition to the effectiveness of this Agreement. If such mutual agreement has not been reached on or before July 26, 2013, then this Amended and Restated Agreement shall be deemed null and void, unless separately re-executed, and the underlying Agreement shall otherwise remain in full force and effect.

**{¶ 6}** Also attached was "EXHIBIT B-LENGTH OF WARRANTY FOR LIGHT DUTY TRUCK PARTS" and "EXHIBIT 1-FIVE YEAR FORECAST" which identically stated: "To be supplied by mutual agreement of the parties as a precondition to the effectiveness of this Agreement."

**{¶ 7}** With the July 26 expiration of the draft agreement nearing, the parties attempted to resolve disputes regarding the parts and pricing schedules and whether the

3.

agreement would include an additional tube assembly product. Sypris requested an extension until August 9, 2013; Dana refused to agree to the extension. Pursuant to the 2007 supply agreement, on August 26, 2013, Dana sent Sypris written notice of its decision not to extend the agreement expiring on December 31, 2014.

{¶ 8} On November 25, 2013, Sypris served Dana a notice of arbitration pursuant to the 2007 agreement and the July 16, 2013 agreement which contained identical arbitration clauses. The clauses provided:

> 27. Dispute resolution. If either party has a dispute with regard to contractual issues under this Agreement and is unable to successfully resolve those issues with the other party, the other party shall have the right to initiate mediation and binding arbitration in accordance with the following: (i) in the case of mediation, the Model Procedure for Mediation of Business Disputes of the Center for Public Resources and (ii) in the case of arbitration, the CPR Rules for Non-Administered Arbitration of Business Disputes ("CPR").

{¶ 9} In its request for arbitration, Sypris claimed that Dana breached the July 16, 2013 agreement which was finalized shortly thereafter and failed to act in good faith regarding negotiations. Sypris sought an award of compensatory damages and costs and fees.

{¶ 10} On January 17, 2014, Dana commenced this declaratory judgment action requesting that the court determine that no new contract was formed between Dana and

4.

Sypris as a result of the July 2013 draft agreement. Dana attached to its complaint the 2007 supply agreement, the July 16, 2013 draft agreement, and its August 26, 2013 notice of intent not to renew the supply agreement. In its answer, Sypris agreed that the July 16, 2013 draft agreement "speaks for itself." Sypris denied, however, that the condition precedent to its characterization as a binding contract was not met. Regarding Dana's request for declaratory judgment, Sypris argued that the question of contract formation was one for a jury and that "Dana is entitled only to a determination of whether the July 16 Agreement contains a binding arbitration provision."

{¶ 11} Sypris asserted a counterclaim for declaratory relief as to whether Dana was bound to arbitrate Sypris' claims for breach of the July 16 agreement. Sypris included a jury demand.

{¶ 12} On October 7, 2014, Dana filed a motion for judgment on the pleading or, alternatively, a motion for summary judgment. In its motion, Dana argued that the draft agreement was not binding under Ohio law and, thus, Dana was not bound to the arbitration provision. In opposition, Sypris contended that the document's designation as a draft does not prevent it from a binding agreement on the parties. Sypris further contended that Dana's position in the case was inconsistent with it stance in pending litigation, *Dana Ltd. v. Grede Holdings*, LLC, Lucas C.P. No. CI0201403963, involving a similar supply agreement.

5.

{¶ 13} A hearing on the motion was held on February 10, 2015. The parties engaged in extensive arguments regarding their respective positions; the court also posed several questions.

{¶ 14} On March 4, 2015, with little discussion, the trial court granted Dana's motion finding that "Plaintiff is entitled, as a matter of law, to a declaratory judgment that the July 2013 Document is not a valid and binding contract between the parties * * *." This appeal followed with Sypris raising the following assignment of error:

> The trial court erred in determining as a matter of law that Appellant Sypris Technologies, Inc. ("Sypris") and Appellee Dana Limited ("Dana") did not form a contract for arbitration on or about July 16, 2013.

{¶ 15} In Sypris' sole assignment of error, it contends that the trial court erred because issues of fact regarding whether a contract was formed precluded summary dismissal of the case. Sypris' position is that the July 16 agreement was intended to be binding on the parties. Conversely, Dana asserts that the clear language of the draft agreement demonstrates that it was subject to revisions, was missing key components and, thus, was not binding on the parties.

{¶ 16} Although unclear from its decision, based upon the voluminous discovery and hearing on the motion we assume that the trial court granted summary judgment to Dana. Thus, our review of the decision is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A motion for summary judgment should only be granted when there remains no genuine issue of material fact and, when construing the

6.

evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 17} This case involves the validity of an arbitration clause. We first note that in Ohio arbitration is an encouraged method of dispute resolution. *Hussein v. Hafner & Shugarman Enter., Inc.*, 176 Ohio App.3d 127, 2008-Ohio-1791, 890 N.E.2d 356, ¶ 24 (6th Dist.), citing *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998). A presumption in favor of arbitration arises where the claim in dispute falls within the arbitration agreement. *Id.* However, the "gateway" issue of whether an enforceable agreement to arbitrate exists is generally for a court to decide. *Granite Rock Co. v. Internatl. Bhd. of Teamsters*, 561 U.S. 287, 296, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010). In determining whether the agreement itself is enforceable, state contract law controls. *See Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1014 (6th Cir.2003).

{¶ 18} In Ohio,

> [r]ules of contract formation dictate that courts look to the plain language of the contract to determine contractual intent. See, e.g., *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 314, 667 N.E.2d 949 (1996) ("The intent of the parties is presumed to reside in the language they choose to use in their agreement."); *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978) ("[W]here the terms in an existing

7.

contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties.") *Faurecia Auto. Seating, Inc. v. Toledo Tool & Die Co., Inc.*, 579 F.Supp.2d 967, 971-72 (N.D.Ohio 2008).

{¶ 19} In *Faurecia*, the court examined whether the parties intended for "letters of intent" to form binding and enforceable contracts for the purchase and sale of automotive parts. Examining the letters, the court noted that they hinged on mutual agreement to additional terms. *Id.* at 972. Specifically, "[w]hile the parties had agreed on the fundamental terms of quantity, price and timing, the parties did not contemplate a final buy/sell agreement until reaching mutual agreement to the terms and conditions of the Nomination letter." *Id.*

{¶ 20} In the present case, as in *Faurecia*, the July 2013 draft supply agreement clearly indicated that it would be made effective following the execution of Exhibit A. Exhibit A plainly stated that the terms were to be supplied by "mutual agreement" and that if a mutual agreement could not be reached by July 26, the "Amended and Restated agreement shall be deemed null and void." Sypris requested and Dana rejected an extension until August 9. Dana then, pursuant to the 2007 supply agreement, sent a formal notice of its intent not to renew the agreement past its expiration on December 31, 2014.

{¶ 21} Unlike the cases relied upon by Sypris, including this court's case regarding the formation of a real estate contract, *Brown v. Lagrange Dev. Corp.*, 6th Dist.

8.

Lucas No. L-09-1099, 2015-Ohio-133, there was no question that the parties were negotiating a draft supply agreement, and there was no issue as to the terms contained therein. The issue was limited to an examination of the clear language the parties used in the agreement. Thus, the issue could be resolved as a matter of law. *See Adams v. Suozzi*, 433 F.3d. 220, 228-229 (2d Cir.2005) (failure of a condition precedent to the implementation of a contract did not require a trial to determine the issue of arbitrability where the court ruled on the arbitration agreement as a matter of law based on the record before it).

{¶ 22} Further, the *Grede* case referenced above is also distinguishable from the present facts. In *Grede*, Dana sought and was granted a permanent injunction requiring specific performance of the agreement with the court finding that "[o]nce negotiations were completed between the parties on May 16, 2014, the parties began to act upon their new contract." *Dana Ltd. v. Grede Holdings, LLC*, Lucas C.P. CI0201403963 (Dec. 23, 2014). In addition, the document at issue, "Summary of Business Agreement," was not missing essential terms.

{¶ 23} Finally, in addition to the specific, unambiguous language used in the draft agreement, during the course of this litigation any potential ambiguity or fact question was eradicated by the extensive discovery conducted by the parties and, particularly, Sypris. *Accord Specht v. Netscape Communications Corp.*, 306 F.3d 17, 28 (2d Cir.2002).

9.

{¶ 24} Based on the foregoing, we find that the trial court did not err in granting Dana's motion to dismiss or motion for summary judgment and in declaring that the parties were not bound by the arbitration clause in the July 2013 draft supply agreement. Appellant Sypris' assignment of error is not well-taken.

{¶ 25} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
              JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
              JUDGE

_____
              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.